UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:19-CR-167 |
| vs. | ) | |
| | ) | |
| ROBBIE ENGLISH and | ) | |
| RENE BOND, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Defendant English filed a Motion to Continue [Doc. 303] in which his counsel avers that additional time is needed to hold in-person attorney-client meetings, file pretrial motions, and consider options for disposition. The Court set this matter for a hearing given the age of the case and the fact that the deadline for filing pretrial motions had already closed; yet, it appeared that counsel was seeking to reopen that deadline. Counsel for Defendant English confirmed she was requesting that the deadline for filing pretrial motions be reopened. Defendant English's counsel noted that she was appointed to represent Defendant English fairly recently and was new to the CJA panel in this District which had caused her to overlook the need to request an extension of the motion deadline in the first motion to continue she filed in the case. For those reasons, Defendant English's counsel respectfully requested relief in the form of additional time to file motions. Defendant Bond and the United States did not oppose the Motion.

Defendant English has shown good cause to grant the relief requested. Despite due diligence, counsel for Defendant English needs additional time to hold attorney-client meetings, file necessary pretrial motions, and prepare for trial or other disposition. In making its ruling, the

Court places emphasis on the fact that defense counsel is new to the CJA panel and was appointed as replacement counsel fairly recently. The Court cautions that given the age of the case, a further request for continuance will be denied, absent extraordinary circumstances.

The Court offered the parties a date within the confines of the Speedy Trial Act, but counsel for Defendant Bond requested to set outside the Act because he had a conflict with the date offered within the confines of the Act, specifically he has a murder trial scheduled on the date offered. The Court finds the requests to be well-taken; therefore, the Motion to Continue [Doc. 303] and oral motion to set outside the Act are **GRANTED**. In making the finding that it is appropriate to set the case on a date outside the confines of the Act, Court further notes that the COVID-19 pandemic continues to present significant challenges to defense counsel in meeting with defendants to review discovery and prepare for trial.

For the reasons stated above, all time between the filing of this order and the new trial date identified above is hereby declared "excludable time" under the Speedy Trial Act. The ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The Court sets the following deadlines for this matter:

| New Scheduling Dates | |
|---|---|
| Trial Date | **November 16, 2021 at 9:00 a.m. before Senior U.S. District Judge R. Leon Jordan in Knoxville** |
| Estimated length of trial | **3 days** |
| Defense Motions Due: | **September 24, 2021** |
| Government Responses Due: | **October 8, 2021** |

| Plea Deadline | **October 18, 2021** |
|---|---|
| Requests for Special Jury Instructions | **5 days before trial** |

If a Defendant and the United States enter into plea negotiations which prove successful, a fully executed plea agreement shall be filed on or before the plea deadline identified above with an exact copy simultaneously furnished to the chambers of the district judge. All provisions in the Order on Discovery and Scheduling not explicitly amended by this order shall remain in effect.

SO ORDERED:

<u>s/ Cynthia Richardson Wyrick</u>
United States Magistrate Judge